Filed 8/6/26  P. v. Cross CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JEROME LEE CROSS,<br><br>    Defendant and Appellant. | F089273<br><br>(Super. Ct. No. 24CM1406)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kings County.  Kathy Ciuffini, Judge.

Kevin Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Charlotte Woodfork and Jeffrey A. White, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

On June 26, 2024, Jerome Lee Cross hit R.B., a 75-year-old man, with a metal rod. He was convicted on three counts based on this incident and sentenced to an aggregate term of nine years.

On appeal, Cross argues: 1) the trial court erred by failing to obtain a waiver of his right to testify in his own defense; and 2) his elder abuse conviction must be reversed because there was insufficient evidence introduced at the preliminary hearing and at trial that he knew or reasonably should have known that R.B. was at least 65 years old. The People disagree. We affirm.

## PROCEDURAL HISTORY

On July 17, 2024,[1] the Kings County District Attorney filed an information charging Cross with assault with a deadly weapon (Pen. Code,[2] § 245, subd. (a)(1); count 1); felony elder abuse (§ 368, subd. (b)(1); count 2); and mayhem (§ 203; count 3). The information also alleged, inter alia, that as to count 3, Cross personally used a deadly weapon (§ 12022, subd. (b)(1)).

On November 13, the jury found Cross guilty on all counts. As to count 3, the jury also found true that Cross personally used a deadly weapon.

Subsequently, Cross made a motion for a new trial, in propria persona, arguing his counsel was ineffective. The trial court treated the motion as including a request for new counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). After conducting a *Marsden* hearing, the court denied both requests.

On January 15, 2025, Cross was sentenced to an aggregate term of 9 years, consisting of eight years on count 3 (the upper term), plus one year for personally using a deadly or dangerous weapon. The court imposed and stayed the sentences on counts 1 and 2 pursuant to section 654.

---

[1] Subsequent references to dates are to dates in 2024 unless stated otherwise.

[2] Undesignated statutory references are to the Penal Code.

2.

On January 30, 2025, Cross timely filed a notice of appeal.

## FACTUAL SUMMARY

On June 26, R.B., who was 75 years old, was working outside. He noticed an individual he had never seen before, whom he later identified as Cross. They walked past each other. R.B. looked at Cross and Cross looked at R.B. Neither said anything, and R.B. continued working. While he was looking down, he felt a blow and then lost vision in both eyes. He did not see who attacked him. However, C.B., R.B.'s co-worker, saw Cross approach R.B. and hit him with a metal rod.

As a result of the attack, R.B. lost all vision in one eye.

## DISCUSSION

I.     **The Trial Court Was Not Required to Obtain a Waiver of Cross's Right to Testify in his Own Defense**

A.     **Applicable Law**

"A criminal defendant has the right to testify at trial, 'a right that is the mirror image of the privilege against compelled self-incrimination and accordingly is of equal dignity.' [Citations.] 'The defendant may exercise the right to testify over the objection of, and contrary to the advice of, defense counsel.' " (*People v. Duong* (2020) 10 Cal.5th 36, 55.). However, "[a] trial court has no duty to give such advice or seek an explicit waiver, unless a conflict with counsel comes to its attention." (*People v. Enraca* (2012) 53 Cal.4th 735, 762.) "Absent an express conflict, ' "a trial judge may safely assume that a defendant, who is ably represented and who does not testify is merely exercising his Fifth Amendment privilege against self-incrimination and is abiding by his counsel's trial strategy[.]" ' " (*Duong*, *supra*, at p. 55.)

B.     **Additional Background**

On November 8, during the hearing on motions in limine, defense counsel stated that "Cross hasn't elected as to whether or not he will testify."

On November 12, after the prosecution's case-in-chief, the following exchange occurred:

> "[Defense Counsel]: [¶] Your Honor, just … for the record, [Cross] was asking I can tell [*sic*] testify, right? And what I was going to tell him is, yes, when the [c]ourt is saying close of evidence, they mean the close of the [prosecution's] case, not that there won't be any more evidence in the case. [¶] You have time [to] make that decision. We are not going to force you to make a choice today.
>
> "[Cross]: Got it.
>
> "[Trial Court]: Yeah. [Cross], I will give you as much time as you need to talk with [defense counsel]. So tomorrow if we finish our calendar earlier, you can talk to him about that.
>
> "[Cross]: Got it."

The following day, defense counsel made a motion to dismiss counts 2 and 3 pursuant to section 1118.1, which the trial court denied. The court then asked defense counsel if he intended to present any evidence, and defense counsel stated, "No. At this time the [d]efense has no witnesses and no evidence." Cross did not object or otherwise comment on this statement. After the jurors entered the courtroom, the court again asked defense counsel if he had evidence to present. Defense counsel responded, "No. Defense has no witnesses and no evidence. Defense rests." Cross did not object or otherwise comment on this statement.

## C. Analysis

Cross argues that a trial court has an obligation to obtain an express waiver of a defendant's right to testify if there is uncertainty over whether the defendant wants to testify. He further argues that the trial court erred by failing to obtain a waiver of his right to testify in his own defense because the record shows there was such uncertainty here.

Cross is incorrect as to the applicable law. "It has long been the rule that, absent an express conflict, ' " '[a] trial judge may safely assume that a defendant, who is ably

4.

represented and who does not testify[,] is merely exercising his Fifth Amendment privilege against self-incrimination and is abiding by his counsel's trial strategy....' [Citation.] If that assumption is incorrect, [the] defendant's remedy is not a personal waiver in open court, but a claim of ineffective assistance of counsel." ' "[3] (*People v. Wilson* (2024) 16 Cal.5th 874, 938 (*Wilson*).) None of the cases Cross cites call this long-standing rule into question.

Applying this rule to the record in this case, Cross's argument fails. On November 8, defense counsel indicated that Cross had not yet decided whether he was going to testify. On November 12, defense counsel clarified that Cross still had time to decide whether he wanted to testify, the trial court told Cross it would give him as much time as he needed to speak with defense counsel, and Cross stated that he understood. Ultimately, Cross did not testify.

Accordingly, there was no express conflict between defense counsel and Cross regarding whether Cross should testify. Nor was there any indication that there might be a conflict. Instead, the record shows that Cross was considering whether he should testify, and he was given the opportunity to discuss the issue with his counsel. And when Cross ultimately did not testify, the trial court could safely assume that he was " ' " ' exercising his Fifth Amendment privilege against self-incrimination and [was] abiding by his counsel's trial strategy[.]' " ' "[4] (*Wilson, supra,* 16 Cal.5th at p. 938; see also *People v. Alcala* (1992) 4 Cal.4th 742, 805–806 ["When the record fails to disclose a timely and adequate demand to testify, 'a defendant may not await the outcome of the

---

[3] Cross appears to assert that his counsel's ineffective assistance played a role in his decision not to testify. However, he also expressly states he is not bringing a claim based on ineffective assistance of counsel in this direct appeal. Accordingly, we do not address any such potential claim.

[4] We note that this assumption was later confirmed by Cross during the *Marsden* hearing. He twice admitted that, when defense counsel advised him that he should not testify, he agreed with defense counsel.

5.

trial and then seek reversal based on his claim that despite expressing to counsel his desire to testify, he was deprived of that opportunity.' "].)

Accordingly, Cross's argument that the trial court erred by failing to obtain a waiver of his right to testify fails.

## II.  Substantial Evidence Supports Cross's Elder Abuse Conviction, and His Claim that Insufficient Evidence was Produced at the Preliminary Hearing is Moot

Cross argues that his elder abuse conviction must be reversed because there was no evidence introduced at the preliminary hearing, and insufficient evidence introduced at trial, that Cross knew, or reasonably should have known, that R.B. was at least 65 years old.  He also argues that because defense counsel did not move to dismiss the elder abuse charge on the ground that insufficient evidence was presented at the preliminary hearing, he provided ineffective assistance.

Cross's claims fail.  His elder abuse conviction was supported by substantial evidence at trial, and because of this, his claim that insufficient evidence was produced at the preliminary hearing is moot.

### A.  Additional Background

On June 27, the Kings County District Attorney filed a complaint charging Cross with assault with a deadly weapon.  The preliminary hearing was held on July 11.  At the preliminary hearing, R.B. testified he was 75 years old at the time of the incident.  He also testified that, before he was hit, he and Cross saw each other.

Cross was held to answer on the charge of assault with a deadly weapon, as well as an uncharged count of mayhem.  When the prosecutor filed the information, he also included an elder abuse charge.  Defense counsel did not file a motion to dismiss the elder abuse charge or otherwise object to its inclusion in the information.

### B.  Applicable Law and Standard of Review

6.

Section 368, subdivision (b)(1), punishes "[a] person who knows or reasonably should know that a person is an elder or dependent adult and who, under circumstances or conditions likely to produce great bodily harm or death, willfully causes or permits any elder or dependent adult to suffer, or inflicts thereon unjustifiable physical pain or mental suffering[.]"  "As used in this section, 'elder' means a person who is 65 years of age or older."  (§ 368, subd. (g).)

When evaluating a sufficiency of evidence claim, " 'we review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' " (*People v. Cravens* (2012) 53 Cal.4th 500, 507.)  "The test for evaluating a sufficiency of evidence claim is deferential[.]"  (*People v. Flores* (2020) 9 Cal.5th 371, 411.)  "We must presume in support of the judgment the existence of every fact that the trier of fact could reasonably deduce from the evidence."  (*People v. Medina* (2009) 46 Cal.4th 913, 919.)  "We must also 'accept logical inferences that the jury might have drawn from the circumstantial evidence.' "  (*Flores*, at p. 411.)  "The conviction shall stand 'unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction]." ' "  (*Cravens*, at p. 508.)

### C.     Analysis

#### 1.     Claim re: Sufficiency of Evidence at Trial

We begin by addressing Cross's claim that his elder abuse conviction must be reversed because insufficient evidence was introduced at trial that he knew or reasonably should have known that R.B. was at least 65 years old.  According to Cross, "the only evidence established that [R.B.] had never seen Cross before that morning and did not come face-to-face with his assailant at the time of the attack."

At trial, R.B. testified that, at the time of the incident, he was 75 years old.  He also testified that, prior to being hit, he and Cross saw each other.  Additionally, the jury

7.

was able to observe the physical appearance of R.B., and a photograph of the injury to R.B.'s face was introduced into evidence.

As there is evidence that Cross saw R.B. prior to hitting him with a metal rod, a reasonable jury could find that, given R.B.'s physical appearance, Cross reasonably should have known that he was at least 65 years old before hitting him. (See *People v. Smith* (1993) 13 Cal.App.4th 1182, 1190 ["Here, the record shows that the evidence presented to the jury included [the victim's] physical appearance before the jury. Evidence was also presented that [the victim] was just three months short of her sixty-eighth birthday on the day of the robbery. We therefore presume, in support of the judgment, that the jury could reasonably deduce from its view of [the victim's] physical appearance that [the] defendant reasonably should have known that she was at least 65 years old."].)

In resisting this conclusion, Cross points to a statement made by the prosecutor. When arguing that Cross's section 1118.1 motion should be denied, the prosecutor stated:

> "We would oppose that motion. In terms of the [section] 1118[.1] for Count 2, knowledge that the victim was elderly, we saw what the victim looked like. [Cross] saw what he looked like, he had gray hair, he looks like he's over 60 or 65 at least. And he -- you know, he's a wrinkled man. I think that should be enough for … the element to be met. The -- I think it's obvious that he's not a young man. And that, in fact, he's an elderly man."

Cross argues that this comment "should settle it in [his] favor: If [R.B.] might look 60 years old, then that is not substantial evidence to prove that Cross 'knew or reasonably should have known' that he was at least 65!" We disagree with Cross's reading of the record. The prosecutor did not concede that R.B. looked, or might look, under 65 years old. Instead, it appears that he misspoke, then corrected himself. This reading is supported by his further argument that R.B. is "an elderly man," as well as his argument to the jury that "[h]e doesn't look like a 30 year old or 40 year old, he has gray hair, he's wrinkled. He looks like someone who is over 65." Moreover, shortly after the

8.

prosecutor stated that R.B. "looks like he's over 60 or 65 at least," the court noted that R.B. "does appear to be his stated age." Thus, the prosecutor's comment does not settle the matter in Cross's favor.

Accordingly, based on the foregoing, substantial evidence supports the conviction.

### 2. Claim re: Sufficiency of Evidence at Preliminary Hearing

We next turn to Cross's argument that there was no evidence introduced at the preliminary hearing that Cross knew, or reasonably should have known, that R.B. was at least 65 years old. Because substantial evidence supports the conviction, this claim is rendered moot. (*People v. Crittenden* (1994) 9 Cal.4th 83, 137 ["Where the evidence produced at trial amply supports the jury's finding, any question whether the evidence produced at the preliminary hearing supported the finding of probable cause is rendered moot. Even ' " '[i]f there is insufficient evidence to support the commitment, the defendant cannot be said to be prejudiced where sufficient evidence has been introduced at … trial' " ' to support the jury's finding as to the charge or as to the truth of the allegation."].)

Moreover, even if this claim is not moot and was not forfeited, it fails on the merits. As relevant here, essentially identical evidence was introduced at trial and the preliminary hearing. At the preliminary hearing: R.B. testified that he was 75 years old at the time of the incident; R.B. testified that, prior to being hit, he and Cross saw each other; the trial court was able to observe R.B.'s physical appearance; and a photograph of the injury to R.B.'s face was introduced into evidence. Given that, as discussed above, this evidence is sufficient to support the conviction for elder abuse, which requires the prosecution to prove each element beyond a reasonable doubt, it is also sufficient to satisfy the lesser standard of evidence required at the preliminary hearing. (See *People v. Scully* (2021) 11 Cal.5th 542, 584–585.)

Accordingly, this claim fails as well.

9.

**DISPOSITION**

The judgment is affirmed.

SNAUFFER, J.

WE CONCUR:


FRANSON, Acting P. J.


DESANTOS, J.